

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



UNITED STATES OF AMERICA

v.

NEZZY ADDERLY

**FILED**
MAR 19 2010
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

CIVIL ACTION NO. 09-3398

CRIMINAL ACTION NO. 06-548

## MEMORANDUM

Slomsky, J.                                                                                      March 19, 2010

### I.     INTRODUCTION

On May 16, 2007, Petitioner Nezzy Adderly plead guilty to being an armed career criminal

in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Doc. No. 23).  On

September 10, 2007, the Honorable Bruce W. Kauffman, a retired Judge of this Court, imposed, *inter*

*alia*, a 180 month sentence of incarceration on Petitioner (Doc. Nos. 26, 27).  On May 7, 2009, Judge

Kauffman granted Petitioner's Motion for Appointment of Counsel (Doc. No. 40), appointing Albert

J. Raman, Esquire, to assist Petitioner in filing a habeas corpus petition pursuant to 28 U.S.C. § 2255

(Doc. No. 41).

Thereafter, on July 21, 2009, despite being appointed counsel, Petitioner brought this *pro se*

habeas corpus action pursuant to 28 U.S.C. § 2255 (Doc. No. 44).  Petitioner seeks post-conviction

relief based on claims that his trial counsel was ineffective for: (1) advising him to plead guilty to

being an armed career criminal and for failing to object - despite promising to do so - at sentencing

to Petitioner being classified as an armed earcer criminal; and (2) advising Petitioner to plead guilty

so that he waived the "discretionary fact finding aspect of a trial."

-1-

XC: MAILED
N. ADDERLY
A. RAMAN

On October 1, 2009, the Court referred this matter to the Honorable United States Magistrate Court Judge Carol Sandra Moore Wells for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On November 30, 2009, Petitioner, through appointed counsel, filed an Amended Habeas Corpus Motion ("Amended Petition") (Doc. No. 51). On January 29, 2010, Magistrate Judge Wells filed a Report and Recommendation, recommending that the petition be dismissed and that a certificate of appealability be denied (Doc. No. 56). Petitioner, through appointed counsel, filed a timely objection to the Report and Recommendation (Doc. No. 58). Additionally, Petitioner filed an objection *pro se* (Doc. No. 59).

In the objection to the Report and Recommendation filed by appointed counsel (Doc. No. 58), Petitioner argues that the Magistrate Court's findings were erroneous on the following grounds: (1) the representation of Petitioner's trial counsel fell below an objective standard of reasonableness and (2) trial counsel's deficient performance prejudiced Petitioner by depriving him of a fair trial. Petitioner asserts that trial counsel's assistance was ineffective because counsel could have requested a jury instruction on nullification based on the mandatory minimum sentence Petitioner faced. Additionally, Petitioner contends in his objection to the Report and Recommendation filed *pro se* (Doc. No. 59) that his prior convictions should be considered consolidated for purposes of applying the armed career criminal statute, 18 U.S.C. § 924(e)(1). Finally, Petitioner requests that the Court order a hearing on the pending habeas corpus petitions so that Petitioner can describe under oath the prejudice he suffered. After a thorough and independent review of the pertinent record, and for the reasons that follow, Petitioner's objections (Doc. Nos. 58, 59) will be overruled and the Report and Recommendation (Doc. No. 56) will be approved and adopted.

## II. PETITIONER'S CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL

As to Petitioner's objections regarding the performance of trial counsel, the Court agrees with the Report and Recommendation that under Strickland v. Washington and its progeny, Petitioner's ineffective assistance claims lack merit. 446 U.S. 668 (1984). In Strickland, the Court announced a two-prong test to evaluate claims of ineffective assistance. To prevail, Petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) counsel's deficient performance "prejudiced the defense" by "depriv[ing] the [defendant] of a fair trial, a trial whose result is reliable." Id. at 687. If Petitioner fails to satisfy either prong of the Strickland test, there is no need to evaluate the other part, as the claim will fail. Id. at 697. For the purposes of this Memorandum, however, the Court will evaluate both prongs of Strickland and concludes that Petitioner has failed on both grounds.

### A. Petitioner Is An Armed Career Criminal Under 18 U.S.C. §924(e).

A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. §924(c) is an armed career criminal. United States Sentencing Commission, Guidelines Manual § 4B1.4 (Nov. 2000) (USSG). Petitioner maintains that he did not have the requisite criminal history to be deemed an armed career criminal because three of Petitioner's prior convictions should have been counted as a single prior conviction under a "theory of modified functional consolidation due to the cases being factually or logically related." (Amended Petition, 7.) Accordingly, Petitioner argues, trial counsel's representation was objectively unreasonable because trial counsel incorrectly advised Petitioner to plead guilty to being an armed career criminal and he failed to object - despite promising to do so - at sentencing to Petitioner being classified as an armed career criminal because the requisite number of prior convictions for this Guideline to apply was absent.

-3-

18 U.S.C. § 924(e)(1) states:

> In the case of a person who violates section 922(g) of this title and
> has three previous convictions by any court referred to in section
> 922(g)(1) of this title for a violent felony or a serious drug offense, or
> both, committed on occasions different from one another, such person
> shall be fined under this title and imprisoned not less than fifteen
> years, and, notwithstanding any other provision of law, the court shall
> not suspend the sentence of, or grant a probationary sentence to, such
> person with respect to the conviction under 922(g).

Under § 924(e)(2)(B), a "violent felony" is defined in relevant part as:

> [A]ny crime punishable by imprisonment for a term exceeding one
> year...that -
>> (i) has as an element the use, attempted use, or threatened use
>> of physical force against the person of another; or
>> (ii) is burglary, arson, or extortion, involves use of explosives,
>> or otherwise involves conduct that presents a serious potential
>> risk of physical injury to another...

Under the Sentencing Guidelines § 4B1.1(a), a defendant is a "career offender" if:

> (1) the defendant was at least eighteen years old at the time the
> defendant committed the instant offense of conviction;
> (2) the instant offense of conviction is a felony that is either a crime
> of violence or a controlled substance offense; and
> (3) the defendant has at least two prior felony convictions of either a
> crime of violence or a controlled substance offense.

A sentencing judge must count as a single prior felony conviction all those that are related

to one another. USSG, § 4A1.2. However, prior sentences "always are counted separately if the

sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant

is arrested for the first offense prior to committing the second offense). USSG, § 4A1.2.

-4-

Here, Petitioner argues that he did not have the requisite criminal history to be sentenced under § 924(e)(1).[1] In his *pro se* objection (Doc. No. 59), Petitioner asserts that his prior convictions are "related" to one another because they were consolidated for sentencing on the same day. See Buford v. United States, 532 U.S. 59, 61 (2001)("And [the USSG] advise (in an application note) that prior convictions are "related" to one another when, *inter alia*, they "were consolidated for...sentencing.")(quoting USSG § 4A1.2, comment., n.3).

Petitioner's relevant criminal history is as follows:

| Arrest Date | Charge | Sentence Date |
|---|---|---|
| 5/30/1984 | CP-51-CR-0701821 - 1984<br>Guilty, *inter alia*, aggravated assault | 5/9/1985 |
| 5/31/1984 | CP-51-CR-0917321-1984<br>Guilty, *inter alia*, robbery | 5/8/1985 |
| 6/15/1984 | CP-51-CR-1009493-1984<br>Guilty, *inter alia*, robbery | 5/8/1985 |
| 6/22/1984 | CP-51-CR-0738631-1984<br>Guilty, *inter alia*, robbery | 5/8/1985 |
| 6/26/1984 | CP-46-CR-0012475-1984<br>Guilty, *inter alia*, conspiracy - robbery | 7/8/1988 |

Clearly, these five convictions, which all constitute violent felonies under § 922(e)(2)(B), were "committed on occasions different from one another," triggering Petitioner's classification under § 922(e)(1) as an armed career criminal. (Govt. Response to Amended Petition, 2-3). See United States v. Reid, No. 04-109, 2007 WL 3072053, *4 (E.D. Pa. Oct. 19, 2007)(finding that prior sentences are not considered related if they are for offenses separated by intervening arrests).

---

[1] Petitioner does not dispute that he violated § 922(g) because he was a felon in possession of a firearm.

Although three of Petitioner's cases were "consolidated" for sentencing on May 8, 1985, the criminal activities were separated by intervening events. The first "consolidated" case arose out of an arrest made on May 31, 1984; the second, out of an arrest made on June 15, 1984; and the third, out of an arrest made on June 22, 1984. Moreover, even if these three convictions were to count as only one because they were consolidated for sentencing, the Court is persuaded that Petitioner would still have a total of three previous convictions that would qualify him as an armed career criminal under § 924(e)(1) (i.e., the additional conviction for aggravated assault on May 9, 1985 and the conviction for conspiracy - robbery on July 8, 1988). Consequently, trial counsel did not render ineffective assistance by failing to challenge Petitioner's eligibility for a sentence under § 922(e)(1) because there would be no merit to such an argument.

### B. Jury Nullification

In the objection to the Report and Recommendation filed by appointed counsel (Doc. No. 58), Petitioner argues that trial counsel rendered ineffective assistance because counsel should have advised him to proceed to trial and should have requested a jury instruction on nullification based on the mandatory minimum sentence Petitioner faced under § 922(e)(1) if convicted.[2] Black's Law Dictionary defines jury nullification as:

---

[2]In Petitioner's objection to the Report and Recommendation filed *pro se* (Doc. No. 59), Petitioner states, "Adderly will concede that the jury nullification issue is not an issue worthy of this Court's time and consideration." (*Pro Se* Objection, 2). However, for the purposes of this Memorandum, the Court will conduct a thorough and independent review of the pertinent record, including a review of the jury nullification issue as raised by appointed counsel in Petitioner's Objection (Doc. No. 58).

> A jury's knowing and deliberate rejection of the evidence or refusal
> to apply the law either because the jury wants to send a message
> about some social issue that is larger than the case itself or because
> the result dictated by law is contrary to the jury's sense of justice,
> morality, or fairness.

*Black's Law Dictionary* 875 (8th ed. 2004); see also United States v. Boone, 458 F.3d 321, 328 n.2

(3d Cir. 2006). For the reasons stated in the Report and Recommendation (Doc. No. 56), the Court

is persuaded that trial counsel did not render ineffective assistance for advising Petitioner to plead

guilty rather than advising Petitioner to proceed to trial and request an instruction to the jury on

nullification. The Third Circuit has opined that an instruction on jury nullification "violates the

sworn jury oath and prevents the jury from fulfilling its constitutional role." Id. at 329. Likewise,

the Second Circuit has explained that "[a]lthough jurors have the capacity to nullify, it is not the

proper role of courts to encourage nullification." Accordingly, trial counsel did not render

ineffective assistance because a jury instruction on nullification is inappropriate under the cases

cited.

### C. Petitioner Has Failed To Show Prejudice

As to the second prong of Strickland, the Court agrees with the Report and Recommendation

that Petitioner failed to establish prejudice based upon trial counsel's alleged ineffective assistance

in recommending a guilty plea because Petitioner neither plead nor demonstrated that, but for

counsel's advice, he would not have plead guilty and would have insisted on proceeding to trial.

Strickland, 466 U.S. at 687; Hill v. Lockhart, 474 U.S. 52, 59-60 (1985). In the objection to the

Report and Recommendation filed by appointed counsel (Doc. No. 58), Petitioner argues that he

"must be given a hearing to allow him to testify and demonstrate that but for trial counsel's advice,

he would not have pled guilty and would have insisted on going to trial." (Pet. Obj., 4.)

-7-

In <u>Hill v. Lockhart</u>, <u>supra</u>, the Supreme Court stated: "the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense would have succeeded at trial." 474 U.S. at 59. In other words, to establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694. As explained above, the Court is not persuaded that trial counsel provided ineffective assistance, and Petitioner is unable to show that the alleged errors would have led to an acquittal at trial or a change in the sentence. Petitioner's challenge to the application of the armed career criminal statute and his insistence of the jury nullification instruction are meritless. The Court agrees with the Report and Recommendation that Petitioner would not succeed at trial or sentencing on these claims. Consequently, Petitioner's allegations are insufficient to satisfy the second prong of <u>Strickland</u>, i.e. the standard for "prejudice." A hearing is unnecessary to make this determination.

### III. CONCLUSION

For the foregoing reasons, the Court will approve and adopt the Report and Recommendation (Doc. No. 56). An appropriate Order follows.